## WAKEMAN *a.* DICKEY.

*New York Common Pleas ; Special Term, March,* 1865.

### INTERPLEADER.—INJUNCTION.

An action to compel defendants to interplead cannot be sustained where the plaintiff claims a portion of the fund in dispute.

In such a case an injunction restraining the defendants from their actions against the plaintiff cannot be sustained.

Motion to dissolve an injunction.

This was a suit for an injunction against the defendants, restraining them from bringing suits against the plaintiffs, and for an order of interpleader. The complaint set forth that the plain-

·tiffs, Abraham Wakeman and John D. Latting, were employed by one of the defendants, Gilbert N. Marshall, to defend a suit, in which they recovered for him a judgment which, with the costs and costs of appeal·exceeded $700; that during the pendency of the action, said Marshall having become insolvent, had assigned the claim, but had subsequently re-purchased it, having in the meantime been admitted to practice as an attorney; that he had demanded from the plaintiffs a substitution, which they offered to give on payment of their costs, and that he had, on his part, offered to pay a certain sum as costs on being substituted as attorney; that the plaintiffs had agreed to accept that sum, but Marshall had failed to pay it, and having failed in two motions to compel a substitution until he should fulfill his offer, had stated to the plaintiffs that he had assigned the judgment to the defendant, P. J. Dickey (who was an attorney sharing his office), and had advised said Dickey as his attorney that he was not bound by any offers made by him, or by the orders made in the matter, and that unless the plaintiffs acceded to his demands, further steps would be taken; that subsequently Dickey informed the plaintiffs that Marshall had purloined or stolen the assignment of the judgment, and notified them that he was the sole owner, and not to pay the same to Marshall; that Marshall had called upon them and stated that Dickey's claim was ridiculous and preposterous, and notified them that he should hold them legally accountable for the proceeds of the judgment; that the defendants were both insolvent and irresponsible; that plaintiffs had offered to pay the balance after deducting their costs and counsel-fees to either who would give them proper indemnity, and had finally deposited the balance in the United States Trust Company; that Dickey had com-·menced and Marshall had threatened suit for, the money. And the complaint then prayed, that after deducting their costs and counsel-fees, they might have leave to pay the balance into court wherein the defendants may litigate their respective claims; that the plaintiffs might be discharged from liability, and the defendants enjoined from prosecuting the defendants.

A temporary injunction having been granted, the defendants now moved to dissolve the injunction.

*Wm. J. Huff*, for the defendant Dickey.—I. The plaintiffs

are not entitled to maintain an action of interpleader, nor to have said injunction-order continued.

(*a.*) They do not show that they are not colluding with the defendant Marshall against the defendant Dickey. (2 *Story's Eq. Juris.*, §§ 809 and 812; Beck *a.* Stephani, 9 *How. Pr.*, 197.)

(*b.*) The amount in controversy is uncertain. The plaintiffs claim a lien for services, the amount of which is a matter in dispute. (Finley *a.* American Exchange Bank, 11 *How. Pr.*, 468; Chamberlain *a.* O'Connor, 1 *E. D. Smith*, 665.)

II. The alleged claim of the defendant, Marshall, is one in which said Marshall is estopped from setting up any claim to the moneys in controversy. (Dezell *a.* Odell, 3 *Hill*, 217.)

III. The plaintiffs by their own papers show that Marshall stated that defendant Dickey was owner of the judgment, and from that time plaintiffs acted as the attorneys for defendant Dickey, and he being their client, they are not to notice the rumors of every individual.

*T. B. Wakeman,* for plaintiffs.—I. The authorities cited by counsel for Mr. Dickey do not apply, because this is not a bill of interpleader,—certainly, not one between a client and a stranger, as he supposes.

Both the defendants claim to be clients by the same contract or privity with the plaintiffs, and, therefore, the plaintiffs are utterly unable to determine which party they should account to.

Interpleader would lie in such a case if the amount of the fund was certain. (*Story's Eq. Jurispru.*, § 812.)

If the plaintiffs could find out who their client really is, they would settle with him and claim that as protection, under Marvin *a.* Ellwood (11 *Paige*, 366).

II. But this is not a regular bill of interpleader. It is an equitable action to ascertain the rights of the plaintiffs in the fund collected by them, and to restrain irresponsible defendants from doing them an irreparable injury while that is being done. There is nothing to interplead about until their costs and fees are ascertained and deducted. If the parties then want another action in order to get the balance paid into court, it may be necessary to commence one.

III. The injunction should be sustained, because, otherwise,

the plaintiffs are certain to be deprived of their first costs and fees, to be subjected by another action by Marshall to costs and liability to pay the claim again, and thus molested and injured without remedy.

This is plainly by (*Code*, 1, 2, § 219), a case for injunction. Mr. Dickey is ready to enter judgment as soon as the injunction is dissolved. Mr. Marshall is not and cannot be a party to that suit, and the jurisdiction of the Marine Court is so small that the plaintiffs, even as to Mr. Dickey, cannot recover the amount of their bill, which exceeds $500. Gross injustice will be done to all parties by allowing that suit to proceed, and particularly to the plaintiffs.

IV. The plaintiffs have no other remedy than that asked in this action.

A motion in the original suit would not avail, because it was ended in the Court of Appeals; besides, Mr. Dickey was not a party to it, nor could an injunction by motion be had against him.

Nor would a cross-action in any other court or other form avail, because Mr. Dickey's action is ready for judgment; and, further, as the plaintiffs have the moneys, how could they recover them of the defendants?

CARDOZO, J.—The plaintiffs are undoubtedly in a predicament, and I should be disposed to protect them if I could see any way of doing it legally.

They have collected a demand, and are called upon by two persons, both irresponsible, each claiming to be solely entitled to it, and for aught I can see, plaintiffs are in the position of any other gentlemen, who without legal right, are sued by insolvent people. If the plaintiffs made no claim to the fund, this complaint might be sustained as a bill of interpleader, and the injunction be continued. But the difficulty is that the plaintiffs want to retain out of the fund their compensation for their services, and while the holder makes any claim to the money, he cannot have the other claimants interplead. This is the relief asked in the complaint. Indeed, I do not see what other relief could be asked.

I am very reluctant to dissolve this injunction under the circumstances, but I do not see how it can be lawfully continued.

After writing the above, I determined, on account of the hardship of the case, and my desire to sustain the injunction if practicable, to confer with Judge Brady, who granted the temporary injunction, and after very careful examination we have both concluded that it is impossible, consistently with well established rules, to sustain the order.

Judgment dissolved, without costs.

## LIVINGSTON a. PAINTER.

*Supreme Court, First District; General Term, February,* 1865.

### ACTION FOR SPECIFIC PERFORMANCE OF AGREEMENT TO PAY OFF PART OF MORTGAGE.

Where an agreement was made between the holders of the first and second mortgages, respectively, upon leasehold property, that the holder of the first mortgage would waive a default, which gave him the right to foreclose it immediately, in consideration that the holder of the second would foreclose his mortgage immediately, and that if he should buy at the foreclosure he would pay the sum of $3,000, on account of the first mortgage within six months;— *Held,* that the holder of the first mortgage could sustain an action against the holder of the second mortgage, and a third person in whose name he was alleged to have bought in the premises at such foreclosure, to have such purchase set aside so far as it prevented specific performance of the agreement; and to have the holder of the second mortgage adjudged to pay the plaintiff $3,000 upon account of the first mortgage.

Appeal from an order dismissing a complaint upon the trial.

This was an action brought by Robert J. Livingston against Jane A. Painter, administratrix, &c., and one Boyes, to obtain the specific performance of an agreement.

The plaintiff alleged an agreement between one Hamilton, the assignor of the plaintiff, and defendant Painter, who was the owner of a second mortgage of a leasehold (No. 84 Leonard-street), which mortgage was made by one Seabury Lawrence to